STROPE, Appellee,

v.

WELLS; Strope, Appellant.

[Cite as *Strope v. Wells,* 171 Ohio App.3d 658, 2007-Ohio-1962.]

Court of Appeals of Ohio,
Fifth District, Licking County.

No. 2006–CA–00141.

Decided April 23, 2007.

Richard Swope, for appellee.

Vincent A. Dugan Jr., for appellant.

---

Gwin, Presiding Judge.

{¶ 1} Third-party petitioner-appellant, Michael Strope, appeals two judgments of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio. One of the judgments dismissed appellant's motion for custody and support of Selena Strope, a minor, and the second overruled his motion to show cause. Appellee is first petitioner Lisa Strope, the mother of the minor child. Appellant assigns three errors to the trial court:

{¶ 2} "I. The court erred in 'rejecting' appellant's child custody affidavit and then using that rejection as the basis for denying appellant's motion for parental rights on the basis that it lacked jurisdiction.

{¶ 3} "II. The trial court erred in making a summary disposition of appellant's September 15, 2006 multi-branched motion for custody and support without permitting appellant a hearing on the matter, thus failing to consider the factors set forth in O.R.C. 3109.051(D).

{¶ 4} "III. The trial court erred in dismissing appellant's motion for contempt on jurisdictional grounds."

{¶ 5} Appellee gave birth to the minor child in April 1998. In August 1998, appellee and appellant were married. The marriage lasted approximately five years. Appellee brought the divorce action in Franklin County. During the pendency of the divorce case, genetic testing indicated that appellant is not Selena's biological father. For this reason, the Franklin County Domestic Relations Court did not make any orders regarding the child. In December 2003, appellee initiated an administrative process to identify Selena's father with the Licking County Child Support Enforcement Agency ("Licking CSEA").

{¶ 6} In April 2004, appellant filed a complaint in the Franklin County Juvenile Court, seeking visitation with the child. On May 3, 2004, Licking CSEA issued an administrative order finding Kevin Wells to be Selena's biological father. In July 2004, the Licking County Domestic Relations Court converted the administrative paternity order into a judicial order, in the case at bar. The court subsequently entered orders addressing custody, parenting time, child support, and medical-expense payments as to appellee and Kevin Wells.

{¶ 7} On October 22, 2004, the Franklin County Juvenile Court entered temporary orders on appellant's motion for visitation. Eventually, Franklin County Juvenile Court transferred appellant's case to the Licking County Domes-

tic Relations Court because Licking County had already taken jurisdiction over the child. On January 19, 2006, appellant filed an amended complaint in a new, separate domestic-relations case in Licking County. The court found that jurisdiction had been established in the earlier case, and thus it was not appropriate to open a new case. The court found that appellant should file any postdecree motions in the original case.

{¶ 8} Appellant then filed a motion in branches in the original domestic-relations case. Branch one demanded an order to join appellant as a third-party petitioner. Branch two asked the court to name appellant the residential parent and legal custodian of the child or to grant him parenting time with her. Branch three asked the court to merge the case transferred from Franklin County with the case at bar. Branch four moved for the appointment of a guardian ad litem, and Branch five moved to divide the costs of the guardian ad litem between the parties. Branch six requested the appointment of a special process server for the matter, and Branch seven asked for reasonable court costs to be awarded to appellant.

{¶ 9} Appellant also filed a motion to show cause why appellee should not be found in contempt for failing to comply with the Franklin County Juvenile Court's visitation order.

## I and II

{¶ 10} In his first two assignments of error, appellant argues that the court erred in finding that it lacked jurisdiction over appellant's motion for custody and support.

{¶ 11} The trial court cited R.C. 3127.23 as the basis for declining jurisdiction. The statute provides: "(A) Each party in a child custody proceeding, in the party's first pleading or in an affidavit attached to that pleading, shall give information if reasonably ascertainable under oath as to the child's present address or whereabouts, the places where the child has lived within the last five years, and the name and present address of each person with whom the child has lived during that period. In this pleading or affidavit, each party also shall include all of the following information:

{¶ 12} "(1) Whether the party has participated as a party, a witness, or in any other capacity in any other proceeding concerning the allocation, between the parents of the same child, of parental rights and responsibilities for the care of the child including any designation of parenting time rights and the designation of the residential parent and legal custodian of the child or that otherwise concerned the custody of or visitation with the same child and, if so, the court, case number and the date of the child custody determination, if any;

{¶ 13} "(2) Whether the party knows of any proceedings that could affect the current proceeding, including proceedings for enforcement of child custody determinations, proceedings relating to domestic violence or protection orders, proceedings to adjudicate the child as an abused, neglected, or dependent child, proceedings seeking termination of parental rights, and adoptions, and, if so, the court, the case number, and the nature of the proceeding;

{¶ 14} "(3) Whether the party knows of any person who is not a party to the proceeding and has physical custody of the child or claims to be a parent of the child who is designated the residential parent and legal custodian of the child or to have parenting time rights with respect to the child or to be a person other than a parent of the child who has custody or visitation rights with respect to the child and, if so, the names and addresses of those persons.

{¶ 15} "(B) If the declaration under division (A)(1), (2), or (3) of this section is in the affirmative, the declarant shall give additional information as required by the court. The court may examine the parties under oath as to details of the information furnished and as to other matters pertinent to the court's jurisdiction and the disposition of the case."

{¶ 16} Appellant filed an affidavit, and the court found that because this document determined the jurisdiction of the court, it was appropriate to review the allegations. The court found that the allegations were contradictory and inaccurate. Appellant alleged that he had not participated as a party concerning visitation with the child in any other case, but his motion in branches indicates that he brought an action in Franklin County Juvenile Court number 04JU6098. He alleged that there was no other proceeding that could affect the current proceedings, but appellee had filed for a civil-protection order against him. The court concluded that when a jurisdictional affidavit contained obviously false information, it was insufficient to invoke the court's jurisdiction.

{¶ 17} Appellant argues that the court should have conducted a hearing or otherwise notified appellant that it had concerns about the affidavit. Appellant argues that without a hearing on the merits, the court could not make a factual determination that the affidavit is inaccurate and whether the accuracies are unintentional or even relevant to jurisdiction. We do not agree. The statute provides that a court may examine the affiant under oath but does not require it to do so.

{¶ 18} This is not a situation in which the opposing party has contested the information in the affidavit. To the contrary, the affidavit that appellant filed is inconsistent with his pleadings. We find that the court did not abuse its discretion in finding that the affidavit was unacceptable.

■ {¶ 19} Further, the trial court found that appellant's motion to modify the residential-parent status was based upon vague allegations of "numerous circumstances having occurred." Citing *Troxel v. Granville* (2000), 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49, the court found that appellant raised no allegation that, if proven, would defeat the paramount rights of the natural parents to custody. The court found that appellant's pleadings did not demonstrate that any meaningful relationship between appellant and the minor child existed anytime after the parties' divorce.

{¶ 20} Because of the tortured procedural history of the case, the judgment entry is somewhat confusing, but it is very clear that the court found that appellant's pleadings did not reach the factual and legal threshold required for appellant to intervene in the proceeding. In *Henderson v. Luhring*, Ashland App. No. 02–COA–017, 2002-Ohio-4208, 2002 WL 1889269, ¶ 16, this court held that our standard of reviewing a court's decision on a motion to intervene is the abuse-of-discretion standard. "Abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. We review questions of law de novo. *Abon, Ltd. v. Transcontinental Ins. Co.*, Richland App. No. 2004–CA–0029, 2005-Ohio-3052, 2005 WL 1414486.

{¶ 21} We find that the trial court did not abuse its discretion or err as a matter of law. Accordingly, the first and second assignments of error are overruled.

■ {¶ 22} In his third assignment of error, appellant argues that the court erred in dismissing his motion for contempt on jurisdictional grounds. The trial court found that appellant sought to enforce an order entered in Franklin County Juvenile Court. Here, the trial court clearly declined to adopt the previous orders of the Franklin County Juvenile Court, and given the court's decision regarding jurisdiction discussed in I and II supra, we find that the court did not err.

{¶ 23} The third assignment of error is overruled.

{¶ 24} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is affirmed.

Judgment affirmed.

FARMER, J., concurs.

EDWARDS, J., concurs separately.

EDWARDS, Judge, concurring.

{¶ 25} Based on the total content of the affidavit filed by appellant with the trial court, I find that the trial court either should not have dismissed appellant's motion or should have held a hearing to clarify the discrepancies in the affidavit. Therefore, I find that the motions of appellant should not have been dismissed by the trial court, because the jurisdictional affidavit contained apparent conflicting statements.

{¶ 26} In spite of my disagreement with the trial court regarding the jurisdictional affidavit, I find that the trial court did not abuse its discretion in dismissing the motions. Therefore, I concur with the majority in regard to the disposition of this case.